**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MARY WILLIS** | **CASE NO.  2:22-CV-05556** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STATE FARM INSURANCE CO ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss Under Rule 12(b)(6)" (Doc. 30) wherein Defendant State Farm Fire and Casualty Co. ("State Farm") moves to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has filed no opposition to the motion.

## BACKGROUND

Plaintiff filed this lawsuit on October 5, 2022, against State Farm Insurance Company, as the alleged insurer of property damaged from Hurricanes Laura and Delta.[1]

A summons was issued to "State Farm Insurance Company" on October 27, 2022.[2] On May 3, 2023, this Court issued a Notice of Intent to Dismiss for Failure to Prosecute under LR 41.3. R.[3] On May 17, 2023, Plaintiff filed a Motion for Extension, which this Court granted on May 18, 2023.[4] On June 4, 2023, Plaintiff filed an executed service return indicating service upon "State Farm Insurance Company" via the Louisiana Secretary of State.[5]

---

[1] Doc. 1.
[2] Doc. 3.
[3] Doc. 4.
[4] Docs. 7 and 8.
[5] Doc. 1.

On January 10, 2024, new counsel enrolled for Plaintiff.[6] Plaintiff then requested that summons be reissued, again for the incorrectly named "State Farm Insurance Company."[7] On February 12, 2024, Plaintiff filed a summons return indicating that State Farm Fire and Casualty Company had been served via the Louisiana Secretary of State on February 9, 2024, though State Farm Fire and Casualty Company was not yet a named defendant.[8]

On February 27, 2024, Plaintiff filed a Motion to Amend to name State Farm Fire and Casualty Company as a defendant; the First Amended and Restated Complaint (the "Amended Complaint") was filed on March 21, 2024.[9] On April 22, 2024, Plaintiff filed proof of service indicating that State Farm Fire and Casualty Company had been served through the Secretary of State on April 11, 2024 (554 days after the Original Complaint was filed).[10]

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224

---

[6] Doc. 15.
[7] Doc. 18.
[8] Doc. 19.
[9] Docs. 21 and 23.
[10] Doc. 24.

F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

State Farm maintains that Plaintiff's claims are time-barred because Hurricane Laura and Delta claims were subject to a two-year prescriptive period that began to run on August 27, 2020, and October 9, 2020, respectively.[2] State Farm argues that even if this period was interrupted by the payment that Plaintiff alleges occurred in April 2021,[3] Plaintiff's claims were prescribed as of April 2023. State Farm notes that it was not properly named and served until service of the Amended Complaint on April 11, 2024.[4] State Farm also maintains that Plaintiff's Amended Complaint does not relate back to the filing of the Original Complaint and as such, Plaintiff's claims against State Farm are prescribed and should be dismissed.

*Prescription*

Plaintiff has alleged breach of contract and bad faith claims.[11] Under Louisiana law, the prescriptive period for personal actions, including actions on a contract, is ten years. See La. Civ. Code art. 3499. Bad faith claims are also subject to this ten-year prescriptive period because such claims are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing emanates from the contract between the parties." *Smith v. Citadel Ins. Co.*, 285 So. 3d 1062, 1069 (La. 2019). However, in *Taranto v. La. Citizens Prop. Ins. Co.*, the Supreme Court explained that in an insurance lawsuit, the time period that a plaintiff has to bring this action may be derived from either the general statute of limitations or the terms of the particular insurance policy. 62 So.3d 721, 727-28 (La. 2001). "The contractual period of prescription is valid so long as it does not contravene a state statute or public policy." *Id*. Louisiana law also provides that parties to an insurance contract may not limit the prescriptive period for filing first-party claims to a period shorter than 24 months. See La. R.S. 22:868(B).

The State Farm policy contains a "Suit Against Us" clause, which requires that "any action by any party must be started within two years after the date of the loss.[12] This Court has held that such a contractual period of prescription is valid and binding. See *Cooper v. XYZ Ins. Co.*, No. 2:22-CV-04980, 2024 WL 1776407 (W.D. La. Apr. 24, 2024); *Goodly v. Allstate Ins. Co.*, No. 2:22-CV-05650, 2024 WL 3330613 (W.D. La. July 8, 2024).

However, this Court has held that notwithstanding policy language that may limit a prescriptive period, an insurer's unconditional payment of portions of a claim constitutes

---

[11] Doc. 1.
[12] Defendant's exhibit A, Policy, p. 40.

"acknowledgement" interrupting prescription under Louisiana Civil Code article 3466. *See Hafner v. State Farm Fire & Cas. Co.,* No. 2:23-CV-01054, 2024 WL 4846220, at *2 (W.D. La. Nov. 20, 2024); *Caldwell v. GeoVera Specialty Ins. Co.,* No. 2:24-CV-01023, 2024 WL 4245493, at *2 (W.D. La. Sept. 19, 2024), reconsideration denied, No. 2:24-CV-01023, 2024 WL 4710376 (W.D. La. Nov. 7, 2024) (both citing *Demma v. Auto. Club Inter-Ins. Exch.*, 2008-2810 (La. 6/26/09), 15 So. 3d 95, 102).

State Farm concedes that it made a payment on April 23, 2021, but no further payments were made.[13] Thus, prescription was interrupted restarting the two-year period; Plaintiff had until April 23, 2023, to bring her claims against State Farm. Plaintiff filed its Amended Complaint in March 2024, and proof of service in April 2024. The Court finds that Plaintiff's claims are facially prescribed.

*Relation back*

Despite Plaintiff's claims being facially prescribed, Plaintiff has the burden of demonstrating that the Amended Complaint relates back under Rule 15(c) of the Federal Rules of Civil Procedure. State Farm maintains that Plaintiff cannot meet that burden.

"When a plaintiff amends a complaint to add a defendant, but the plaintiff does so subsequent to the running of the relevant statute of limitations, then [Rule 15(c)] controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection." *Triay v. Nat'l Gen. Ins. Co.,* No. CV 23-03471, 2024 WL 4346542, at *2 (E.D. La. Sept. 30, 2024) (internal citations omitted). "Relation

---

[13] Doc. 1, ¶ 24.

back analysis applies to the addition of new claims or new defendants." *Id*. Rule 15(c)

permits an amendment to a pleading to relate back to the date of the original pleading when

each of the following requirements are met:

> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the [90-day] period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> **(i)**    received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15. State Farm does not dispute that Rule 15(c)(1)(A) and (B)

are satisfied but contends that the Court's analysis under Rule 15(c)(1)(C)(ii)

depends upon "what the prospective defendant reasonably should have understood

about the plaintiff's intent in filing the original complaint." *Al-Dahir v. FBI*, 454

F.App'x 238, 242 (5th Cir. 2011) (internal quotations omitted). Rule 4(m) of the

Federal Rules of Civil Procedure provides that service must be made on a defendant

within 90 days of the complaint being filed.

Plaintiff filed suit against a non-existent entity—State Farm Insurance

Company.  State Farm asserts that it had no notice, actual or constructive, of the

claim until at the earliest, February 9, 2024, which is 492 days after the Original Complaint was filed. State Farm argues that Plaintiff's untimely claim cannot relate back to the date of the Original Complaint.  State Farm cites *Lacy v. GeoVera Advantage Services, Inc.*, Civ. Action No. 2:22-5978, 2023 WL 6022566 (W.D. La. Apr. 20, 2023) (this Court held that service on the Defendant, insurer's broker, did not impute knowledge to the correct insurer, and services on a new defendant must be within the time frame set by Rule 4(m)). Here, State Farm notes that it was not served or notified until 492 days after the filing of the Original Complaint, and it did not know, nor should have known that the action was brought against it. Indeed, State Farm submits that it did not have notice, actual or constructive, until February 9, 2024.

The Court agrees with State Farm that this matter is prescribed, and Plaintiff has not met its burden of establishing that the Amended Complaint relates back to the date the Original Complaint was filed.

**CONCLUSION**

For the reasons explained herein, the Court will grant State Farm's Motion to Dismiss Under Rule 12(b)(6) (Doc. 30) and dismiss Plaintiff's claims with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 25th day of August, 2025.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE